

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# USA v. Stepp

Precedential or Non-Precedential: Non-Precedential

Docket 02-4415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Stepp" (2003). *2003 Decisions.* Paper 543.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/543

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Case No:  02-4415
_____

UNITED STATES OF AMERICA


v.

JOHN LEE STEPP,
a/k/a John L. Stapp,
a/k/a Speedy,

Appellant


On Appeal From The United States District Court
For The Western District of Pennsylvania
(Crim. No. 01- CR-0040E)
District Judge:  The Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2003
_____

Before: RENDELL, SMITH and ALDISERT, Circuit Judges

(Opinion Filed: May 20, 2003)
_____

OPINION
_____

SMITH, Circuit Judge

I.

Stepp alleges that the District Court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5). For the reasons that follow, we will affirm.

## II.

On November 5, 2001, appellant John Lee Stepp, Lamar Thomas and Robert Tarver were standing in the vicinity of East 22nd Street in Erie, Pennsylvania. Stepp gave Tarver a quarter ounce of crack cocaine to break down for further distribution. Suddenly, a man known as Twin Beason came by, grabbed the cocaine from Tarver and fled.

Thomas gave a handgun to Stepp, who then went in search of Beason who he wished to scare in retaliation for stealing the cocaine. Officers apprehended Stepp, Thomas and Tarver before they found Beason. At the time of the arrest, the handgun was back in the possession of Thomas.

Stepp pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). Stepp's Presentence Investigation Report ("PSR") recommended that the base offense level be increased by four points, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5), because the gun was possessed "in connection with" a drug transaction. PSR ¶ 17. Stepp objected to this increase, but Judge Cohill denied his objection and sentenced him to 90 months imprisonment.

The District Court had jurisdiction over the sentencing pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3742.

III.

The facts are not in dispute. Our review of the District Court's interpretation and application of the Sentencing Guidelines phrase "in connection with" is plenary. *See United States v. Cicirello*, 301 F.3d 135, 137 (3d Cir. 2002); *United States v. Titchell*, 261 F.3d 348, 353 (3d Cir. 2001).

U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) states: "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." Stepp argues that it was not possible for him to possess the handgun "in connection with" the drug transaction because he had not obtained the weapon from Thomas until after he handed the cocaine to Tarver.

The language "'in connection with' is notable for its 'vagueness and pliability'" and the phrase "'should be interpreted broadly.'" *United States v. Loney,* 219 F.3d 281, 283-84 (3d Cir. 2000) (internal citations omitted). Connection "can encompass any 'casual or logical relation or sequence.'" *Id*. at 284 (quoting Webster's Ninth New Collegiate Dictionary 278 (1990)); *see also United States v. Brannan*, 74 F.3d 448, 453 (3d Cir. 1996). But, it requires "more than just that the person committed a felony offense and at some point in time and in some place possessed a gun." *Loney*, 219 F.3d at 286. Based on this broad definition, when gun possession arises as a result of a felony, such possession is "in connection with" that felony. Here, Stepp obtained the gun

3

specifically to scare Beason and get the cocaine back from him. This was "in connection with" Stepp's drug transaction with Tarver. Had it not been for the drug transaction, Stepp would not have pursued Beason with the gun.

Although Stepp did not have the gun during his drug transaction, we have implicitly rejected the argument that a gun must be possessed during a felony to be possessed "in connection" with that felony. *Cf. Loney,* 219 F.3d at 287 (noting that the Supreme Court's interpretation of what constitutes carrying a gun "in relation to" a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) may shed light on the meaning of "in connection to," but that the "during" requirement of § 924(c)(1) is inapplicable). Moreover, the fact that Congress chose not to use the "'in connection with *the commission or attempted commission* of another offense" language from U.S.S.G. § 2K2.1(c), suggests that § 2K2.1(b)(5) does not require that the gun be possessed *during the commission* of the felony. Therefore, Stepp possessed a gun "in connection with" the drug transaction, even though he obtained it after the drug transaction was completed.

We will affirm the sentence imposed by the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

/s/    D. Brooks Smith
Circuit Judge

Date: May 20, 2003

4